### KEARNEY MCKIERNAN ET AL. *v.* IRENE KOMARYNSKY ET AL.

Superior Court, Judicial District of Stamford-Norwalk
File No. CV-04-0200530S

Memorandum filed October 27, 2004

*Koskoff, Koskoff & Bieder*, for the plaintiffs.

*Rosenblum & Tannenbaum*, for the named defendant et al.

*Neubert, Pepe & Monteith*, for the defendant Stamford Hospital.

HON. WILLIAM B. LEWIS, JUDGE TRIAL REFEREE. The defendants, Irene Komarynsky, an obstetrician and gynecologist, and her corporation, Ob-Gyn Consultants, LLC, have filed a motion to strike counts two and five

of the complaint in which the plaintiff Terry McKiernan sues for emotional distress arising from injuries sustained by her infant daughter, Kearney McKiernan, the named plaintiff, at the time of her birth. The defendants contend that on the authority of *Maloney* v. *Conroy*, 208 Conn. 392, 545 A.2d 1059 (1988), a mother cannot bring an action for bystander emotional injuries that is based on alleged negligence on the part of the physician during the delivery of her child.

The complaint alleges that during delivery the infant suffered injuries to her brachial plexus, Erb's Palsy and related injuries, and the mother claims that she suffered emotional distress as a result. The plaintiff mother alleges in the second and fifth counts that the defendants "knew or should have known that their conduct involved an unreasonable risk of causing emotional distress . . . and that their conduct was foreseeable and likely to cause the plaintiff mother's emotional distress."

The defendants acknowledge that they owed separate duties of care both to the mother and to the infant to render proper care to each. They contend, however, that the duty to the mother to render proper care to her cannot be expanded to include injuries sustained by the infant during birth, which allegedly caused emotional distress to the mother. The defendants also point out that *Clohessy* v. *Bachelor*, 237 Conn. 31, 675 A.2d 852 (1996) (en banc), in recognizing a cause of action for bystander emotional distress in general, did not overrule *Maloney*, in which our Supreme Court did not recognize a cause of action for emotional distress to one who witnesses injuries to another caused by medical malpractice.

"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted."

(Internal quotation marks omitted.) *Fort Trumbull Conservancy, LLC* v. *Alves,* 262 Conn. 480, 498, 815 A.2d 1188 (2003). "It is fundamental that in determining the sufficiency of a [pleading] challenged by a [party's] motion to strike, all well-pleaded facts and those necessarily implied from the allegations are taken as admitted." (Internal quotation marks omitted.) *Commissioner of Labor* v. *C.J.M. Services, Inc.,* 268 Conn. 283, 292, 842 A.2d 1124 (2004). "[The court] take[s] the facts to be those alleged in the complaint . . . and . . . construe[s] the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) *Bhinder* v. *Sun Co.,* 263 Conn. 358, 366, 819 A.2d 822 (2003). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) *Commissioner of Labor* v. *C.J.M. Services, Inc.,* supra, 292.

In *Maloney,* the plaintiff sought damages for severe emotional distress she allegedly suffered as a result of the defendants' negligence in the care and treatment of her deceased mother. The court rejected the plaintiff's claim, stating that "a bystander to medical malpractice may not recover for emotional distress . . . ." *Maloney* v. *Conroy,* supra, 208 Conn. 393. In doing so, the court stated: "To allow recovery by one . . . who has been more or less constantly 'at the bedside' of the malpractice victim during the period of treatment is likely to cause hospitals and other medical treatment facilities to curtail substantially the extent of visitation of patients that is presently permitted. . . . The restriction of current liberal practices with respect to patient visitation in order to reduce the incidence of bystander emotional disturbance claims would be a regrettable social consequence of enlarging the right to recover for emotional disturbances based upon the impact of medical malpractice upon bystanders." Id., 402–403.

The Supreme Court more recently addressed the issue of bystander emotional distress in *Clohessy*, although not in the medical malpractice context. In *Clohessy*, the plaintiff mother and the plaintiff brother sought damages for emotional injuries they allegedly suffered as a result of the emotional shock of witnessing the defendant's automobile negligently strike and kill Brendan Clohessy. Believing that "the time [was] ripe to recognize a cause of action for bystander emotional distress"; *Clohessy* v. *Bachelor*, supra, 237 Conn. 46; the Supreme Court adopted a " 'reasonable foreseeability' " rule and set forth a four-pronged test for the recognition of a cause of action for bystander emotional distress. Id., 47. A bystander can recover if "(1) . . . she is closely related to the injury victim, such as the parent or the sibling of the victim; (2) the emotional injury of the bystander is caused by the contemporaneous sensory perception of the event or conduct that causes the injury . . . (3) the injury of the victim must be substantial, resulting in his or her death or serious physical injury; and (4) the bystander's emotional injury must be serious, beyond that which would be anticipated in a disinterested witness and which is not the result of an abnormal response." Id., 56.

Also in *Clohessy*, the Supreme Court restated its concern about granting relief to a bystander in a medical malpractice action and noted that "there generally is no significant observable sudden traumatic event by which the effect upon the bystander can be judged." Id., 44. On the other hand, *Clohessy* can be interpreted to allow a bystander to recover for emotional distress in a medical malpractice action when there is a sudden event or act of medical malpractice, a readily discernible event, which injures a third party. If the complaint includes the four factors in *Clohessy*, particularly a reference to a readily discernible event, together with the mother's contemporaneous observation and actual

perception of the event, the complaint should be construed to survive a motion to strike. In the present case, however, the second and fifth counts do not include these allegations, even while incorporating the allegations of the first count therein. Thus, these two counts do not set forth a cognizable cause of action in bystander emotional distress.

These counts do, however, contain language alleging negligent infliction of emotional distress because they allege that the defendants should have realized that their conduct involved an unreasonable risk of causing emotional distress. "[I]n order to prevail on a claim of negligent infliction of emotional distress, the plaintiff must prove that the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that that distress, if it were caused, might result in illness or bodily harm. . . . [T]he fear or distress experienced by the plaintiffs [has to] be reasonable in light of the conduct of the defendants. If such a fear were reasonable in light of the defendants' conduct, the defendants should have realized that their conduct created an unreasonable risk of causing distress, and they, therefore, properly would be held liable. Conversely, if the fear were unreasonable in light of the defendants' conduct, the defendants would not have recognized that their conduct could cause this distress and, therefore, they would not be liable." (Citations omitted; internal quotation marks omitted.) *Carrol* v. *Allstate Ins. Co.*, 262 Conn. 433, 446–47, 815 A.2d 119 (2003).

The plaintiff mother's claim here is premised on a duty owed directly to a delivering mother by those providing her care. She argues that this duty is created by the physician-patient relationship and that Connecticut courts have recognized claims for emotional distress where there is an independent basis for finding the existence of a direct duty.

A cause of action for negligent infliction of emotional distress that is based on the breach of a direct duty owed to a plaintiff mother stemming from the physician-patient relationship is different from a claim for bystander emotional distress. Recent Superior Court cases have considered whether a mother may recover emotional distress damages for the injury or death of a child resulting from medical malpractice during delivery. In *Brown* v. *Bacall*, Superior Court, judicial district of Hartford, Docket No. CV-01-0811432S (August 10, 2004) (*Booth, J.*), it was determined that the mother is not a bystander but rather a participant in the birthing process. The court treated the plaintiff mother's claim for bystander emotional distress arising from injury to her child as a claim for negligent infliction of emotional distress and concluded that the plaintiff had pleaded a legally sufficient claim for such negligence. In *Misurale* v. *Cuteri*, Superior Court, judicial district of Fairfield, Docket No. CV-01-383788S (March 13, 2003) (*Doherty, J.*), the court also treated the plaintiff mother's claim for bystander emotional distress arising from injury to her child during birth as a claim for negligent infliction of emotional distress, reasoning that the mother is not a bystander but rather a participant in the birth.

Other earlier Superior Court cases that have considered the issue have also ruled that "a mother is not a bystander [with respect to matters] that are incident to prenatal care and the delivery of her child." (Internal quotation marks omitted.) *Subiono* v. *Yordan*, Superior Court, judicial district of New London, Docket No. 559573 (April 25, 2002) (*Martin, J.*) "[A] woman in labor is a participant rather than a bystander of that event, permitting the mother a direct claim for emotional distress." (Internal quotation marks omitted.) *Johnson* v. *Day Kimball Hospital*, Superior Court, judicial district of Windham at Putnam, Docket No. 063592 (January

24, 2001) (*Foley, J.*). "In such [a] circumstance . . . there are two within the zone of danger and the doctor owes a duty to each." (Internal quotation marks omitted.) *Hyland* v. *State*, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. CV-91-0398956S (August 6, 1992) (7 Conn. L. Rptr. 222, 223) (*Aurigemma, J.*). "[T]o characterize a mother as a bystander at the birth of her child is most troublesome and seems repugnant to logic." (Internal quotation marks omitted.) *Smith* v. *Humes*, Superior Court, judicial district of Stamford-Norwalk, Docket No. CV-95-0143884S (July 22, 1997) (*Ryan, J.*). "The very term 'delivery' presupposes that the mother is an active participant in the birthing of a child. To hold otherwise would be to reject the entire human experience, everywhere and at all times." *Manville* v. *Williams*, Superior Court, judicial district of Tolland, Docket No. CV-97-65055S (April 8, 1998) (21 Conn. L. Rptr. 654, 656) (*L. Sullivan, J.*).

This court agrees that a mother giving birth may assert a claim for negligent infliction of emotional distress that is based on the harm she suffers as a result of the alleged medical malpractice during the delivery of her child.

In counts two and five of the complaint, the plaintiff alleges that because of the defendants' carelessness and negligence, she suffered "fear and severe psychological, physiological and emotional distress," which are "painful, serious and permanent in their nature and in their effects." The plaintiff mother also alleges that the defendants knew or should have known that their conduct was likely to cause her emotional distress. The plaintiff mother has, therefore, set forth a valid cause of action for negligent infliction of emotional distress in counts two and five. For that reason, the defendants' motion to strike those two counts is denied.